CLAUDE E. EIZENHOEFER v. MARIE T. RAGO,
FORMERLY MARIE T. EIZENHOEFER.

217 N. W. 2d 194.

April 5, 1974—Nos. 44080, 44558.

*Claude E. Eizenhoefer,* pro se, for appellant.

PER CURIAM.

This is a divorce action involving appeals from two separate orders. One order, dated June 22, 1972, modified the decree by permitting removal of the minor children of the parties from the state of Minnesota to the state of New York for the purpose of residing there with defendant, conditioned upon the retention of plaintiff's visiting rights. The other order denied a motion by plaintiff to suspend, terminate, or reduce either the alimony or child support. We affirm.

Plaintiff complains that he did not receive adequate notice of the defendant's motion requesting permission to move to New York. Defendant's motion was made orally at the hearing on June 22, 1972.

This court in Cummiskey v. Cummiskey, 259 Minn. 427, 437, 107 N. W. 2d 864, 870 (1961), said:

"* * * We have held that notice and opportunity to be heard, unless waived, are required in proceedings for the modification of orders * * *."

Plaintiff waived the requirement of notice by not objecting to either the motion or the litigation of the issues involved for the determination of the motion. Furthermore, it appears from the record that plaintiff was not surprised by defendant's motion. He fully anticipated both defendant's move to New York and the litigation of the issue. He came prepared to argue his motion to restrain defendant's move to New York and presented evidence to counter defendant's arguments. The record further shows that plaintiff had a full and fair hearing with both parties present and an opportunity to cross-examine.

Plaintiff also contends that the referee who heard the matter was biased, that the evidence does not support the findings, and that the court abused its discretion. A thorough review of the record on appeal does not disclose any bias or prejudice on the part of the referee, and shows that the findings are supported by the evidence and the court did not abuse its discretion.

Affirmed.